IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

# WILLIAM THOMPSON v. VIRGINIA LEWIS, WARDEN, AND THE STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
No. 1-2007    Thomas W. Graham, Judge

_____

**No. E2007-00755-CCA-R3-HC - Filed April 15, 2008**

_____

The petitioner, William Thompson, filed in the Bledsoe County Circuit Court a petition for a writ of habeas corpus. The habeas corpus court denied the petition, finding that the petitioner's sentence was not illegal. On appeal, the petitioner challenges the habeas corpus court's ruling. In response, the State filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Upon review of the record and the parties' briefs, we conclude that the petition was properly denied. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

William Thompson, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1985, the petitioner was convicted by a jury in the Davidson County Criminal Court of rebellion with intent to kill or escape. State v. Black, 745 S.W.2d 302, 302 (Tenn. Crim. App. 1987). Following his conviction, he received a total effective sentence of life, forty percent of which was to be served in confinement before becoming eligible for release. Id. On appeal, this court affirmed the petitioner's conviction. Id. at 309.

Subsequently, the petitioner filed in the Bledsoe County Circuit Court a petition for a writ of habeas corpus, alleging that he was illegally sentenced. The Bledsoe County Circuit Court granted the petition and transferred the case to the Davidson County Criminal Court, the convicting

court, "'for sentencing in compliance with T.C.A. Section 40-35-501(f) (1982).'" William Thompson v. State, No. M2005-01947-CCA-R3-HC, 2006 WL 3093205, at *1 (Tenn. Crim. App. at Nashville, Nov. 1, 2006), perm. to appeal denied, (Tenn. 2007). After considering the issue, the Davidson County Criminal Court determined that the proper sentence under the convicting statute was "'a life sentence with no specified release eligibility' and that the release eligibility for the [petitioner's] life sentence was thirty years under then-effective Tennessee Code Annotated section 40-35-501 (1982)." Id. Therefore, the court entered an amended judgment of conviction which imposed a sentence of life without a specified release eligibility percentage.

The petitioner appealed the Davidson County Criminal Court's order, claiming that "'the illegality of the original sentence imposed was so egregious that the sentence must be deemed void.'" Id. On appeal, this court concluded that the amended judgment was not illegal. Id.

Thereafter, the petitioner filed in the Bledsoe County Circuit Court another petition for a writ of habeas corpus, alleging that the Davidson County Criminal Court did not have jurisdiction to enter an amended judgment and that the court erroneously utilized the Criminal Sentencing Reform Act of 1982 to determine his sentence when the 1989 Sentencing Act should have been employed. The Bledsoe County Circuit Court denied the petition without conducting an evidentiary hearing, finding that the amended judgment was not illegal.

On appeal, the petitioner contends that the Davidson County Criminal Court was required to hold a sentencing hearing before imposing a new sentence. The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

The Bledsoe County Circuit Court originally granted the petitioner habeas corpus relief because the sentencing court had illegally attached a release eligibility percentage of forty percent to the petitioner's life sentence. We note that the petitioner was convicted of violating Tennessee Code Annotated section § 39-5-712 (1982) (repealed), which provided:

> Rebellion with intent to kill or escape. - If any convict confined in the penitentiary for a term less than life, openly rebel with intent to kill the warden or any other officer thereof, or with intent, by open violence, to escape, he shall, on conviction thereof, be imprisoned in the penitentiary for life.

Black, 745 S.W.2d at 304. Further, according to the sentencing law in effect at the time the petitioner was originally sentenced, a life sentence for an especially aggravated offense carried release eligibility after thirty years. Tenn. Code Ann. § 40-35-501(d), (f) (1984) (repealed). Therefore, the petitioner's conviction carried a mandatory sentence of life with release eligibility after thirty years.

"As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). In the instant case, the Davidson County Criminal Court correctly entered an amended judgment which provided that the petitioner was sentenced to life with no specified release eligibility percentage, as was mandated by the Criminal Sentencing Reform Act of 1982. As this court previously noted, "[T]he sentence imposed by the Davidson County court's amended judgment was not illegal." Thompson, No. M2005-01947-CCA-R3-HC, 2006 WL 3093205, at *1. Thus, the habeas corpus court did not err in denying the petitioner's petition for a writ of habeas corpus.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE